IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| | : | |
| SPECIALTY HEALTH, LLC, | : | BANKRUPTCY NO.: 5-12-bk-06471-JJT |
| | : | {**Nature of Proceeding**: Application for |
| DEBTOR | : | Interim Compensation (Doc. #39) and |
| | : | Objection (#40)} |

# OPINION

An Objection to the Interim Fee Application of Trustee's Counsel, Klehr Harrison Harvey Branzburg LLP, ("KHB"), has been made by Robert Lane, pro se, ("Objector"). He advances three grounds in his objection and his argument. First, he states, legal fees are approaching the economic benefit counsel has provided the estate. Second, counsel, a Philadelphia-based firm, is billing at rates that far exceed what other counsel would charge, and third, items billed as costs by the firm such as copying charges, etc., are being billed at amounts that exceed the actual expenditure by the firm. The record at the hearing is sparse and consists mainly of a short statement from KHB counsel, Jeffrey Kurtzman, that states his Philadelphia firm's charges in this case are lower than other comparable firms in the Philadelphia area.

I begin with the observation that this Debtor's Chapter 7 filing is generally more complex than the average Chapter 7 filed in this District. There are multiple related entities, some of which are in bankruptcy in this District and as well as in Wyoming. Intercorporate activities appear to have created an accounting morass that likely will take some time and talent to address. I do not hesitate that reaching outside our small District to obtain counsel with general expertise in complex matters appears to be well justified. Having so concluded, I am instructed

by our Third Circuit Court of Appeals that, in determining the reasonableness of rates, we first look at the customary market of counsel performing the service, regardless of the fact that it may not be local. *Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc*., 50 F.3d 253, 260 (3rd Cir. 1995). Reductions to that rate should only occur on cause. The only factor presented to me at the hearing was some awareness that there existed Philadelphia lawyers who would do bankruptcy work cheaper. A legitimate appreciation of that market rate can be based on the bankruptcy judge's experience and judgment as alluded to in *In re Busy Beaver Bldg. Ctrs*., 19 F.3d 833, 854 (3rd Cir. 1994). My own brief survey of Philadelphia firms doing recent work in the Middle District suggests that average rates for Philadelphia-based counsel are in the range of $300 to $750. Rates charged by KHB are well within that range and support Attorney Kurtzman's statement on the subject.

The Objector also raised the issue that the dollar returns of Kurtzman's efforts are not much larger than the fees he is assessing the estate. Without specifically stating such, the pro se Objector is arguing that KHB has not provided sufficient benefit to the estate under 11 U.S.C. § 330(a)(4). As explained in *In re Wireless Telecommunications, Inc.*:

> The Objector has misunderstood the concept of benefit. It is the prospective likelihood of benefit to the estate that is critical, not the actual results. *In re Smith*, 317 F.3d 918, 926 (9th Cir.2002), *cert. denied*, 538 U.S. 1032, 123 S.Ct. 2074, 155 L.Ed.2d 1060 (2003) ("[S]ervices that are reasonably likely to provide an identifiable, tangible and material benefit to the debtor's estate can be compensated, even if they do not actually provide such a benefit...."). Colliers has observed that "[t]he majority of courts have determined the 'necessity' of particular services from the perspective of the time that the services were rendered, rather than based on hindsight after the services had been performed. This is the approach now codified in section 330(a)(3)(C)." 3 Collier on Bankruptcy ¶ 330.03[1][b] [iii] at 330–25 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). This change to the statute, made by the Bankruptcy Reform Act of 1994, indicates that benefit to the estate is to be determined at the time at which the service was rendered.

*In re Wireless Telecommunications Inc.*, 449 B.R. 228, 232 (Bkrtcy. M.D.Pa. 2011).

      Lastly, the Objector questions the request for reimbursement of certain costs amounting to $65.16. These costs consist of photocopy charges, facsimile charges including long distance charges, long distance telephone charges, postage, and computer research. Costs are a legitimate item of recovery under § 330(a)(1)(B). The Objector is incredulous that these costs actually reflect the actual expenditure of the firm. No effort was made by Kurtzman to explain the formula by which these costs were calculated. While I am aware that firms typically bill costs to clients, frankly, with regard to items described as copying and facsimile charges, I am not aware of how this cost is calculated. The burden is on the Applicant to support its claim. Nevertheless, I am satisfied that the Latin maxim *de minimis non curat lex* (the law cares not for trifles) applies in this instance and will approve.

      My Order will follow.

By the Court,

/s/ John J. Thomas

John J. Thomas, Bankruptcy Judge

(CMS)

Date: October 10, 2013